## HENRY G. WHEELER *vs.* J. ROYSTON STIFLER.

Appeal from the Orphans' Court of Harford County. *Reversed.*

The appellant and appellee both claimed the right to be appointed administrator with the will annexed of the late William L. Wheeler. It appears that the validity of the will of the testator was established by the decree of this Court in the case of *Devoe* v. *Singleton*, 80 M.d. 68. By this will Martha M. Singleton was appointed sole executrix. By the order appealed from the appellee was appointed administrator *c. t. a.* without any notice to the executrix named in the will. It is provided by the Code, Article 93, sections 43 and 44, that if such executor be present at the probate of the will, and shall not within thirty days thereafter qualify, letters may be granted as in cases of intestacy. But if such executor shall not have been present at the probate, but was in the State, he may be summoned at the instance of anyone interested, or *ex-officio* by the Orphans' Court, or in their recess by the Register of Wills, and on failure to attend on being summoned as provided by said sections or appearing and failing to qualify as therein required, letters may be granted as in cases of intestacy. The will was admitted to probate on the 4th of December, 1894, but there is nothing to show

that the executrix named in the will was present at the probate, or was summoned, or out of the State, or that she had been duly declared a lunatic. It is true she is alleged to be a lunatic and insane, but there is no evidence to show she had been so declared by any tribunal having jurisdiction so to do. Under these circumstances it is clear the order appealed from was improvidently passed, and that the Court below was without jurisdiction.

*Thomas H. Robinson* and *William H. Harlan*, for the appellant. *George Y. Maynadier* and *J. R. Stifler*, for the appellee.

No. 56, October term, 1895. Recorded in Liber J. S. F. No. 2, etc., folio 776, of "Opinions Unreported."